IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IQS US INC. and I.Q.S. SHALEV LIMITED,<br><br>                               Plaintiffs,<br><br>   v.<br><br>CALSOFT LABS INCORPORATED and PROMETRIC INC.,<br><br>                               Defendants. | Civil Action No. 16-cv-07774<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, IQS US Inc. ("IQS US") and I.Q.S. Shalev Limited ("IQSI") (collectively, IQS US and IQSI are referred to as "Plaintiffs"), by and through their attorneys, Niro McAndrews, LLC, complain of Defendants, Calsoft Labs Incorporated ("Calsoft") and Prometric Inc. ("Prometric") (collectively, Calsoft and Prometric are referred to as "Defendants"), as follows:

### NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and is brought by Plaintiffs against Defendants for Defendants' infringement of U.S. Patent No. 7,773,779 ("the '779 patent") entitled "Biometric Systems." A copy of the '779 patent is attached as Exhibit A.

### THE PARTIES

2. IQS US is a corporation organized under the laws of the State of Illinois with a principal place of business at 416 Chatham Circle, Buffalo Grove, Illinois, 60089. IQS US is in the business of, among other things, the marketing, sale, and support of biometric identification and verification systems.

3. IQSI is a limited liability company organized under the laws of the nation of Israel with a principal place of business at Paz Tower, 33 Bezalel Street, Ramat Gan 52521, Israel. IQSI is in the business of, among other things, the design, production, sale, and support of biometric identification and verification systems.

4. Calsoft is a corporation organized under the laws of the State of Delaware with a principal place of business at 2903 Bunker Hill Lane, Suite 107, Santa Clara, California 95054. Calsoft is in the business of providing enterprise information technology and product engineering services, including, by way of example but not limitation, the design, production, sale, and support of a cloud based biometric fingerprint authentication system. (*See, e.g.,* http://cloud.calsoftlabs.com/resources/cloud-biometric-authentication-solution.html.)

5. Prometric is a corporation organized under the laws of the State of Delaware with a principal place of business at Canton Crossing, 1501 South Clinton Street, Baltimore, Maryland 21224. Prometric is in the business of, among other things, providing technology-enabled testing and assessment solutions, which testing and assessment solutions include, by way of example but not limitation, a biometric-enabled check-in process as part of Prometric's ID Management Solutions. (*See, e.g.,* https://www.prometric.com/en-us/our-solutions/test-delivery/id-management/pages/default.aspx.)

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

7. The Court has personal jurisdiction over Prometric because, among other things, Prometric regularly conducts business in Illinois and in this judicial district. By way of example but not limitation, Prometric operates a testing facility at One North LaSalle Street, Suite 2300,

Chicago, Illinois 60602. The Court's exercise of personal jurisdiction over Prometric is also appropriate because Prometric has committed acts of patent infringement in this judicial district in violation of 35 U.S.C. § 271.

8. The Court has personal jurisdiction over Calsoft because, among other things, Calsoft regularly conducts business in Illinois and in this judicial district. By way of example but not limitation, Calsoft is specifically supplying the biometric authentication solution ("BAS") used by Prometric in Illinois and this judicial district. The Court's exercise of personal jurisdiction over Calsoft is also appropriate because Calsoft has committed acts of patent infringement in this judicial district in violation of 35 U.S.C. § 271.

9. Joinder of Defendants is proper under 35 U.S.C. § 299 because, among other things, the claims arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling of the same accused product or process. Specifically, Calsoft developed, sold, and, on information and belief, provides support for the BAS that is used at Prometric's testing facilities.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## FACTUAL BACKGROUND

11. Plaintiffs repeat and re-allege the allegations in the preceding paragraphs as though fully set forth herein.

### *The '779 Patent*

12. The United States Patent and Trademark Office ("USPTO") duly and legally issued the '779 patent on August 10, 2010.

13. IQSI owns and is the assignee of the '779 patent.

14. IQSI has exclusively licensed the '779 patent to IQS US. Under this exclusive license, IQSI has granted to IQS US, among other things, all substantial rights to the '779 patent,

3

including the right to sue for past, present, and future infringement of the '779 patent, the right to seek injunctive relief and/or monetary damages for any such infringement, and the right to sublicense the '779 patent to other individuals and entities.

15. Mr. Baruch Shalev, a principal and officer of IQSI and a principal of IQS US, is a co-inventor of the '779 patent.

### *Defendants' Infringing Biometric Authentication Solution*

16. In June 2012, Calsoft announced that Prometric had ordered a "[t]urnkey solution for biometric authentication." (*See* Ex. B hereto, Volume 16, Issue 11, Calsoft's *i*Connect newsletter; *see also* Ex. C hereto, http://demo.calsoftlabs.com/projects/Prometric/.)

17. Calsoft claims to have "built a rugged and reliable cloud based Biometric fingerprint authentication system . . . [with] [f]aster [t]emplate creation including the location, position, as well as the type and quality of the image [with] [s]peedy [t]emplate [m]atching. . . ." (Ex. D hereto, online article, *Cloud Based Biometric Authentication solution for an Online Testing and Assessment company*, http://cloud.calsoftlabs.com/resources/cloud-biometric-authentication-solution.html.)

18. Prometric explains that the BAS is configured to scan a user's fingerprint three times to create a biometric template. Prometric further explains that a biometric template is used by the BAS to track a "candidate's movement throughout the test center . . . by the fingertip pattern provided." (Ex. E hereto, Prometric webpage, *Knowing What to Expect*, https://www.prometric.com/en-us/our-solutions/test-delivery/id-management/Pages/what-to-expect.aspx.)

19. Prometric's testing centers using the BAS have "all biometric data . . . securely transferred to and stored by an outside vendor . . . [that] is contractually required to manage the

4

security and confidentially of the data. . . ." (Ex. F hereto, Prometric Privacy Statements, https://www.prometric.com/en-us/Pages/privacy.aspx.)

20. Calsoft explains that the "system will either attempt to verify or identify an individual, by comparing the enrolled template against the verification template." (Ex. D hereto.)

21. The BAS contains each and every element of, and infringes, at least claim 1 of the '779 patent both literally and under the doctrine of equivalents. Further, Plaintiffs believe that the review and analysis of information exchanged pursuant to this district's Local Patent Rules and during discovery is likely to prove that the BAS further contains each and every element of, and infringes, at least claims 2-6, 10, 11, and 14-18 of the '779 patent.

22. Subject to additional information obtained pursuant to this district's Local Patent Rules and during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Plaintiffs will make pursuant to the Local Patent Rules (*see, e.g.,* LPR 2.2, 3.1), the BAS infringes independent claim 1 of the '779 patent as follows:

   a. The BAS is a system that provides cloud-based biometric identification services to more than one remote party.

   b. The BAS includes a template receiver that facilitates the creation and matching of biometric templates based on a user's fingerprints.

   c. The BAS template receiver includes a registration input that receives at least one registration template complete as extracted from a user's fingerprint.

   d. The registration template is associated with a tag related to the user from whose fingerprint a registration template has been extracted.

   e. The BAS template receiver further includes an enquiry input that receives at least one test template complete as extracted from a user's fingerprint.

   f. The BAS further includes a verifier associated with the template receiver, which verifier determines a degree of match between the user's registration template and test template by comparing the respective templates to verify the user as an appropriate end user of the system.

## COUNT I – CALSOFT'S INFRINGEMENT OF U.S. PATENT NO. 7,773,779

23. Plaintiffs repeat and re-allege the allegations in the preceding paragraphs as though fully set forth herein.

24. Calsoft has infringed and continues to infringe claims of the '779 patent within the meaning of 35 U.S.C. § 271(a), both literally and under the doctrine of equivalents, through the foregoing activities including, without limitation, making, using, offering to sell, selling within the United States, and/or importing into the United States, without Plaintiffs' authority, the BAS.

## COUNT II – PROMETRIC'S INFRINGEMENT OF U.S. PATENT NO. 7,773,779

25. Plaintiffs repeat and re-allege the allegations in the preceding paragraphs as though fully set forth herein.

26. Prometric has infringed and continues to infringe claims of the '779 patent within the meaning of 35 U.S.C. § 271(a), both literally and under the doctrine of equivalents, through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the BAS in the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs IQS US Inc. and I.Q.S. Shalev Limited respectfully ask this Court to enter judgment against Defendants, and against their subsidiaries, successors, parents,

affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with Defendants, granting the following relief:

    A.    The entry of judgment in favor of Plaintiffs and against Defendants;

    B.    An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest; and

    C.    Such other relief that Plaintiffs are entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

## Jury Demand

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

Dated: August 2, 2016

*/s/ Matthew G. McAndrews*
Matthew G. McAndrews
Kyle D. Wallenberg
NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiffs,*
IQS US Inc. and I.Q.S. Shalev Limited